Jirot, Demandante y Apelante, *v.* Crispín, Demandada y Apelada.

Apelación procedente de la Corte de Distrito de Humacao en causa sobre divorcio.

No. 1401.—Resuelto en mayo 11, 1916.

Divorcio—Abandono—Deberes Matrimoniales—Voluntad.—La voluntad firme y decidida de uno de los cónyuges de no vivir con el otro cumpliendo con los deberes que le imponen la ley natural y la civil, sostenida esa voluntad por más de un año, es lo que constituye el abandono que, como causa de divorcio, señala el artículo 164, número 5, del Código Civil.

Id.—Consentimiento o Tolerancia—Voluntad—Término para el Abandono.— La mera separación con consentimiento o tolerancia del otro cónyuge no puede constituir abandono. Es requisito indispensable la nolición del otro cónyuge, y desde que esa nolición se manifiesta empieza a correr el término del abandono. Debe demostrarse cómo empezó la separación y cuándo se comenzaron las gestiones para que el cónyuge volviera al hogar.

Id.—Matrimonio—Contrato Civil—Disolución del Matrimonio.—El vínculo matrimonial, aunque derivado de un contrato civil, no debe ser fácil de disolverse.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Juan B. Huyke.*

La demandada no compareció.

El Juez Presidente Sr. Hernández emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto por la parte demandante contra sentencia de la Corte de Distrito de Humacao en caso sobre divorcio.

Ante la referida corte, Manuel Girot Adam presentó demanda de divorcio en el mes de abril del año 1915, contra su esposa Eulogia Crispín Camacho, alegando como hechos fundamentales de su acción que siendo ambos casados, vecinos de Vieques, con dos hijos procreados en su matrimonio, la demandada, contra la voluntad del demandante sin causa legítima, había abandonado el hogar conyugal hacía más de un año, retirándose a vivir a la casa de su madre,

habiendo sido infructuosos los requerimientos hechos por el demandante a la demandada para que volviera a vivir en su compañía, por todo lo cual suplica se declare roto y disuelto el vínculo matrimonial existente entre ambos, con los demás pronunciamientos de ley, y costas a la demandada.

Emplazada Eulogia Crispín para que compareciera a contestar la demanda, no lo hizo así y fué anotada su rebeldía, celebrándose el juicio sin su asistencia, con cuyo resultado la corte de Humacao pronunció en 6 de agosto de 1915 la sentencia apelada, declarando sin lugar la demanda con las costas al demandante.

Alega la parte apelante como único fundamento del recurso, error cometido en la apreciación de las pruebas.

El artículo 164 del Código Civil Revisado, entre las causas de divorcio enumera bajo el número 5 el abandono de la mujer por su marido o del marido por su mujer, por un término mayor de un año, y según hemos decidido en el caso de *Moret* v. *Vázquez,* 5 D. P. R. 245, la voluntad firme y decidida de uno de los cónyuges de no vivir con el otro cumpliendo los deberes que le imponen la ley natural y la civil, sostenida esa voluntad por más de un año, es lo que constituye el abandono que como causa de divorcio señala el artículo citado.

Hemos examinado las pruebas practicadas en el juicio, consistentes en las declaraciones del propio demandante y de dos testigos más, y no encontramos acreditado el abandono del esposo demandante por la esposa demandada con los requisitos necesarios para que pueda dar lugar al divorcio solicitado.

Consta que la demandada ha estado separada del demandante por más de un año, pero no cómo empezó la separación, y si bien el demandante practicó gestiones para que volviera a su lado, no aparece cuándo fué que se iniciaron esas gestiones, requisito indispensable para poder apreciar que la esposa ha estado separada del esposo por más de un año. La mera separación con consentimiento o tolerancia

del otro cónyuge no puede constituir abandono. Es requisito indispensable para el abandono la nolición del otro cónyuge, y desde que esa nolición se manifiesta, empieza a correr el término del abandono.

No hay razón para que esta corte pueda ir contra la apreciación de las pruebas hecha por la corte inferior. El vínculo matrimonial, aunque derivado de un contrato civil, no debe ser fácil de disolverse. *Sánchez* v. *Soldevila,* 6 D. P. R. 225.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.