Manuel Meléndez Martínez, demandante y apelado, *v.* Carmen Pérez Díaz, demandada y apelante.

No. 4422.—*Visto:* Mayo 29, 1928. *Resuelto:* Noviembre 13, 1928.

812

*Leopoldo y Herminia Tormes,* abogados de la apelante; *Augusto Reichard y M. A. Martínez,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La Corte de Distrito de Aguadilla dictó sentencia en este pleito declarando con lugar la demanda de divorcio interpuesta por el marido por abandono de su esposa, y en la apelación establecida contra ese fallo alega la esposa recurrente como primer motivo para que la revoquemos que la corte inferior cometió error al desestimar la excepción previa aducida contra la demanda por no contener hechos determinantes de causa de acción, porque si bien se dice en ella que existe abandono por más de un año no consigna la fecha desde la cual ha de contarse dicho año.

Esa alegación de la demanda es suficiente porque si es cierto que ha existido abandono por más de un año tiene causa de acción para el divorcio de acuerdo con el No. 5 del artículo 164 del Código Civil, aunque no exprese la fecha en que el abandono tuvo lugar, pues alega la existencia del último hecho, o sea el transcurso de más de un año, siendo materia de prueba en el juicio los hechos que demuestren abandono por ese tiempo.

El segundo motivo del recurso se alega porque la corte inferior permitió declaraciones en el juicio con respecto a las gestiones que el demandante hizo para que la esposa volviera al hogar conyugal sin tener la demanda alegación en tal sentido, pero nos bastará decir que en este caso la demanda alega no sólo el hecho del abandono sino también que la esposa tiene el firme y deliberado propósito de no convivir con su marido, que se puede demostrar por las gestiones hechas por él para que ella volviese al hogar que abandonó.

Como tercer motivo de apelación se dice que la corte sentenciadora cometió error en la apreciación de las pruebas y al considerar probado el abandono por más de un año.

Aunque la apelante no trata en su alegato el segundo extremo de ese motivo de error, sin embargo, hemos examinado las pruebas y encontramos que dos testigos declararon el abandono por año y medio, que de documentos presentados por la esposa en el juicio aparece que la demanda fué radicada después de haber transcurrido un año y algunos meses de separación y que tal hecho no aparece contradicho por la demandada.

En cuanto a si hubo error en la apreciación de las pruebas diremos que es un hecho no contradicho que la esposa se fué del hogar que el matrimonio tenía en Aguadilla yendo a vivir en Ponce con sus familiares: que tres o cuatro días después volvió a Aguadilla y se llevó los muebles de la casa para Ponce; y que algún tiempo después volvió a Aguadilla por algunos cuadros que se le habían quedado, hospedándose en un hotel y regresando nuevamente a Ponce. La contra-

dicción entre las alegaciones y las pruebas está en la causa de la separación pues mientras las del demandante tendieron a probar que el marido trataba bien a su esposa, que los disgustos en el matrimonio sobrevenían porque la esposa se negaba a salir a la calle con su marido por ser éste negro y ella blanca y también a tener relaciones conyugales porque según declaró el marido su mujer le decía que para negros bastaba con uno en la casa, culminando esos disgustos en que ella se marchó de la casa con el único hijo que tenían, las pruebas de la demandada trataron de demostrar no ser la causa de la separación la expuesta por las pruebas del marido sino que el demandante, que es un médico, tenía una enfermera a la que trataba con más atenciones que a la esposa y trataba a ésta cruelmente, sin que se haya expuesto acto alguno de crueldad. Esas contradicciones de la evidencia fueron resueltas por la corte inferior a favor del demandante sin que del examen que hemos hecho de las pruebas podamos concluir que la corte sentenciadora cometiera error en su apreciación a pesar de pequeñas discrepancias habidas en la declaración de un testigo y del hecho de que en un anterior matrimonio del demandante se dictara sentencia de divorcio contra él por trato cruel. De las pruebas también aparece que la esposa se negó por varias veces a las gestiones hechas en nombre de su marido para que volviera al hogar conyugal. Es cierto que al contestar la demanda y en el juicio manifestó que ella estaba dispuesta a vivir con su marido siempre que él cese de tratarla mal y cruelmente pero ya entonces había surgido la causa de acción del demandante y no podía ser obstaculizada en esa forma, aparte de que la corte inferior no creyó que ése fuera su verdadero estado de ánimo.

También llama la atención la apelante en su alegato al hecho de que teniendo noticia el demandante por dos ocasiones de que su hijo estaba enfermo en Ponce no fué a visitarlo siendo médico, pero se demostró que la primera vez mandó a su practicante, quien declaró que encontró al niño jugando en la calle, y la segunda vez el padre habló por

teléfono con el Dr. Pila de Ponce para que le atendiera al niño; pero aunque el demandante no hubiera hecho nada en las enfermedades de su hijo, esto demostraría falta de cariño para su hijo y algo más, pero no que carezca de acción para obtener el divorcio.

El último motivo del recurso es por ser la sentencia contraria a las pruebas y a derecho.

Ya hemos visto que la sentencia no es contraria a las pruebas; y tampoco lo es al derecho porque en vista de los hechos que la corte inferior estimó probados la sentencia apelada es procedente de acuerdo con la ley, porque existe un abandono por parte de la esposa por más de un año con el propósito decidido y demostrado de no convivir con su marido, sin causa alguna probada que justifique su ausencia del hogar conyugal.

*La sentencia apelada debe ser confirmada.*