ALEJANDRO BUITRAGO, demandante y apelante, *v.* ERNESTINA GIROD LUBE, demandada y apelada.

No. 4474.—*Sometido:* Marzo 12, 1929. *Resuelto:* Abril 30, 1929.

L. *Tormes,* abogado del apelante, *P. E. Anglade,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Después de declarar con lugar una excepción previa a la demanda presentada en un caso de divorcio, fundado en abandono, la Corte de Distrito de Guayama, al dejar el demandante de enmendar su demanda, dictó sentencia a favor de la demandada. El demandante apeló.

La teoría de la corte inferior fué que las alegaciones de la demanda en que se exponía el abandono eran meras conclusiones de derecho; que dichas alegaciones en la forma en que estaban expresadas no excluían la posibilidad de una separación mediante consentimiento; que de la demanda no se desprendía exactamente cuándo empezaba a correr el año, ya que no aparecía la época en que el marido hizo sus primeros esfuerzos para que la esposa regresara al hogar, puesto que desde esa fecha determinada es que empieza a correr el tiempo del abandono. El fiscal de esta corte está de acuerdo con la conclusión a que llegó la corte inferior, y cita algunas autoridades al efecto de que no basta el abandono, sino que la intención de abandonar debe también aparecer. La apelada sostiene los argumentos expuestos, y entre otras cosas alega que el hecho de la separación por uno de los cónyuges sería insuficiente para la concesión del divorcio si tal separación es causada por el mal comportamiento del otro cónyuge. Esta es quizá otra manera de decir que el abandono debe estar acompañado de la intención de abandonar.

Las palabras esenciales de la demanda a considerar son las siguientes:

"3.—Que la demandada aquí, Ernestina Girod Lubes, desde allá por el día 19 de junio de 1926, mientras vivía bajo un mismo techo con el demandante aquí en esta ciudad de Guayama, Puerto Rico, lo abandonó. llevándose consigo todo el ajuar de la casa donde como antes se alegó los mismos residían como marido y mujer, y sin que desde entonces haya vuelto a convivir con el actor en ninguna forma.

"4. Que el demandante aquí, en distintas ocasiones durante el año transcurrido desde que la demandada, su esposa, le abandonó, la ha requerido para que vuelva a vivir con el mismo, y la misma se ha negado a ello."

El estatuto que cubre esta materia es excesivamente lacónico. Dice así, artículo 164 del Código Civil:

"Las causas de divorcio son:
"   *        *        *        *        *        *        *

"5.—El abandono de la mujer por su marido o del marido por su mujer, por un término mayor de un año."

En lo que respecta a los hechos necesarios para sostener una denuncia o acusación es que la ley exige el mayor rigor. No obstante, cuando se crea un delito estatutorio, generalmente es suficiente si al seguir las palabras del estatuto, se expresan en esta forma los verdaderos hechos constitutivos del delito. Una regla similar debe prevalecer en lo que a divorcios se refiere, especialmente en vista de que los hechos que dan lugar al mismo son por lo general menos y más sencillos y están al alcance del entendimiento de una persona de inteligencia ordinaria. Ni en las alegaciones ni en la prueba se exige que se sea tan estricto como en el campo del derecho penal.

Nos inclinamos a creer que la demanda hubiese sido suficiente si en ella se hubiera alegado que la esposa había abandonado al marido en determinada fecha y que tal abandono había continuado hasta el día en que se radicó la demanda, asumiendo que el período transcurrido comprendía más del término estatutorio de un año. La palabra "aban-

donar'' es perfectamente entendida y su definición, de haber alguna diferencia, es más clara en español que en inglés. Por ejemplo, en inglés la palabra *"desertion"* no es de uso tan corriente como "abandonar" en castellano.

██ Del hecho del abandono se infiere o se presume la intención de abandonar. En el caso de *Catinchi* v. *Catinchi,* 27, D.P.R. 418, dijimos:

"El estatuto establece como causa de divorcio el abandono por más de un año y aunque debe coexistir la intención de abandonar, dicha intención generalmente puede inferirse del abandono."

Los hechos presentados en evidencia podrían sembrar la duda de si se demostró algo así como la intención de abandonar, y en tal caso el demandante está en la obligación de aducir otros hechos que demuestren esa intención. De otro modo la falta de intención es cuestión de defensa.

Ni el caso de *Jirot* v. *Crispín,* 23 D.P.R. 823, ni el de *Mas* v. *Muñoz,* 35 D.P.R. 870, sostienen la conclusión del fiscal de que la intención de abandonar debe ser alegada. En cada uno de dichos casos tratábamos de los hechos que deben aparecer en el juicio y las circunstancias en ninguno de estos casos satisficieron a la corte de que hubiera la intención de abandonar.

Tampoco está el marido en la necesidad de solicitar una reconciliación a menos que la separación se haya efectuado bajo circunstancias tales que den lugar a dudas de que la separación se realizó con el propósito de abandonar. *Catinchi* v. *Catinchi, supra,* y autoridades. Por tanto, el estatuto empieza a correr desde el primer momento en que se abandona.

Aunque en el presente caso una alegación más sencilla hubiese sido suficiente, la demanda era más específica. La esposa no sólo dejó a su esposo sino que se llevó todo el ajuar consigo. Esta actuación por parte de ella claramente le impondría el deber de demostrar que no era su intención abandonar al esposo, o que se fué de la casa con su consen-

timiento. Además, en la demanda se alegaban suficientes tentativas de reconciliación por parte del esposo.

Desde luego, al ser devuelto el caso, la demandada estaría en libertad de probar cualesquiera defensas que tenga, y tal vez pueda hacer uso de alguna de la jurisprudencia citada. Meramente decimos que la demanda es suficiente.

No podemos resolver que en forma alguna en la demanda se alegara una conclusión de derecho, y *la sentencia debe ser revocada.*