Luis Martínez, demandante y apelante, *v.* Sofía Avilés Vega, demandada y apelada.

Núm. 8072.—*Sometido:* Junio 19, 1940. *Resuelto:* Junio 28, 1940.

*Negrón López & Negrón López* y *Luisa María Capó,* abogados del apelante; la parte apelada no compareció.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Luis Martínez radicó en la Corte de Distrito de Mayagüez una demanda de divorcio contra su esposa Sofía Avilés Vega. Se alega como causa del divorcio el abandono del marido por la esposa. Residiendo ésta en Estados Unidos y no pudiendo, por tanto, ser emplazada personalmente, se le notificó la demanda por edictos y mediante el envío de una copia a su dirección en el Estado de New York. Transcurrido el tiempo estatutario para contestar sin que la demandada lo hiciera, el secretario de la corte, a instancias del demandante, le anotó la rebeldía. Celebrada la vista del caso y oída la prueba del demandante la corte inferior dictó sentencia declarando sin lugar la demanda y condenando al demandante al pago de las costas. Éste apeló y alega que la corte sentenciadora incurrió en error:

1. Al tomar en consideración para dictar su sentencia, una carta y una declaración jurada (*affidavit*) dirigidas por la demandada y apelada al Hon. Juez de dicha corte.

2. Al declarar probados los hechos alegados en dicha carta y en dicha declaración jurada.

3. Al descartar y no dar crédito alguno al testimonio no contradicho del demandante y apelante y sus tres testigos.

4. Al declarar sin lugar la demanda.

5. Al condenar al demandante y apelante al pago de las costas.

La carta a que se contraen los dos primeros errores, lee así:

"294 Smith Street, Brokly, N. Y., Diciembre 5 de 1938.

"Hon. Juez de la Corte de Distrito del Distrito Judicial de Mayagüez, Puerto Rico. *Re:* Demanda de Divorcio núm: 1481.

"Hon. Señor:

"Me he tomado la libertad en dirijir a sus Honorables Oficinas estas misivas con la esperanza de que al Ud. leer el contenido de ellas comprenda por el motivo que me he visto obligada a dirigirme a Ud.

"El día 29 de noviembre de 1938, por mediación de una carta certificada, procedente de los Lcds. Negrón López & Negrón López, de Sabana Grande, Puerto Rico, una demanda por divorcio presentada bajo falsas acusaciones por mi esposo Sr. Luis Martínez de quien hace como dos años no sé de él directamente, pues para más decirle cuando me encontraba en ésta embarazada de tres meses del hijo nuestro que hoy tiene dos años cumplidos él se marchó de nuestro hogar, sin dar motivos ni explicaciones hasta el día de hoy que recibo una notificación de divorcio presentada por él.

"Pues encontrándome en mala situación financiera, la cual me impide ir a Puerto Rico personalmente para exponer la verdad del caso, le adjunto una declaración jurada de mi parte para que tenga Ud. la amabilidad de detener dicha demanda por las falsas declaraciones de mi esposo el Sr. Luis Martínez.

"Dándole las más expresivas gracias por cualquier cortesía que Ud. pueda darme sobre este particular y en espera de su grata contestación sobre el mismo.

"Quedo de Ud. atentamente s. s.

"(Firmado): Sofía Avilés Vega."

El juez de la corte *a quo*, refiriéndose a ella en su opinión, dice:

"La demanda fué citada por edictos y en carta dirigida al Juez de esta corte el 5 de diciembre de 1938, manifestó que por encontrarse en mala situación financiera, la cual le impedía venir a Puerto Rico a exponer la verdad del caso, alegando que todas las alegaciones de la demanda eran falsas y a esta carta acompañó una declaración jurada prestada en la ciudad de Nueva York, ante el notario Chris García, en cuya declaración jurada alega que en el mes de marzo de 1935 la demandada fué a vivir con sus hijos a Brooklyn, N. Y., con el consentimiento del demandante; que allí ha residido hasta la fecha, que viviendo con su esposo arriba mencionado, la declarante-demandada quedó embarazada y a los 3 meses de dicho

embarazo su esposo, Luis Martínez, sin ninguna causa legal ni motivo, se marchó del hogar de la demandada para jamás regresar al hogar de ambos y de sus hijos; que en febrero de 1937 nació el último hijo de los cónyuges, llamado Valentín y que, a pesar de todas las gestiones realizadas por la demandada para comunicarse con el demandante desde la fecha en que la abandonó, él se ha negado a convivir con ella y a sostener a los hijos habidos en el matrimonio; que nunca ha existido ningún abandono de hogar por parte de la demandada, y que todo lo alegado por el demandante en su demanda es incierto y falso, no viniendo personalmente la demandada a defenderse porque no se lo permiten las malas circunstancias financieras en que se encuentra para sufragar los gastos de un viaje a Puerto Rico, solicitando que se suspenda toda acción en este caso hasta que ella pueda venir a Puerto Rico personalmente a exponer la verdad para conocimiento de la corte.

"  *       *       *       *       *       *       *

"De la prueba practicada, o sea la declaración del demandante y de sus testigos, a las cuales la corte no puede dar crédito alguno, y, teniendo en consideración la declaración jurada prestada por la demandada, la corte ha llegado a la conclusión, fuera de toda duda razonable, que el demandante estuvo viviendo en buenas relaciones maritales con la demandada hasta el mes de febrero de 1937, en que, dejando a la demandada, su esposa, encinta de 3 meses, la abandonó en la ciudad de Nueva York, trasladándose a Puerto Rico, a los efectos de obtener sentencia de divorcio contra su esposa para luego regresar a Nueva York, según consta de una moción radicada en los autos, a los efectos de prestar una deposición en este Distrito Judicial para regresar a Nueva York inmediatamente, antes del divorcio. A esta conclusión ha llegado la corte, no solamente por el resultado de la prueba falsa ofrecida por el demandante, sino por inferencia lógica de que si la demandada hubiese abandonado al demandante, como éste alega en su demanda, después de transcurrir dos años aproximadamente, ¿qué interés podría tener la demandada en comparecer a la corte con una declaración jurada controvirtiendo los hechos alegados en la demanda y oponiéndose enfáticamente a que la misma se declare con lugar?"

Es patente el error en que ha incurrido la corte sentenciadora al tomar en consideración la carta dirigida por la demandada al juez y al declarar probados los hechos en ella expuestos. Uno de los principios más elementales del dere-

cho procesal vigente prohibe que un juez o tribunal tome en consideración, al decidir un caso, documentos que no formen parte de las alegaciones o que no hayan sido admitidos en evidencia. Pero ese error no causaría la revocación de la sentencia, si ésta estuviese justificada por la insuficiencia de la prueba en cuanto a alguno de los elementos esenciales de la demanda.

■ La prueba aducida por el demandante para sostener las alegaciones de que su esposa se negó a vivir con él y a trasladarse desde New York a Puerto Rico y de que a pesar de las gestiones practicadas por él y por otras personas en su nombre ella se ha negado a regresar al hogar conyugal, no fué creída por la corte sentenciadora. Hemos examinado cuidadosamente la prueba referente a la nolición de la esposa demandada y opinamos que aun cuando la corte inferior le hubiese dado crédito, ella es insuficiente para llevar al ánimo del juzgador la convicción de que la demandada tuvo el firme propósito de no volver al hogar conyugal y de romper para siempre el vínculo matrimonial. Véanse: *Arce* v. *Lebis,* 50 D.P.R. 899, 905; y *Parés* v. *Echandi,* 55 D.P.R. 163.

*Por las razones expuestas se confirma la sentencia recurrida.*