Salvador Iturrino, demandante y apelado, *v.* Lydia Figueroa, demandada y apelante.

Núm. 8556.—*Sometido:* Noviembre 25, 1942. *Resuelto:* Diciembre 22, 1942.

*Miranda & Miranda Esteve,* abogados del apelante; *Francisco Navarro Mendía y Otero Suro & Otero Suro,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La Corte de Distrito de San Juan, después de haberse anotado la rebeldía de la demandada, dictó sentencia en este caso declarando con lugar la demanda de divorcio interpuesta por el marido por abandono de su esposa y en este recurso la demandada alega que dicha corte cometió error de derecho al pasar a considerar una demanda que no aduce hechos suficientes constitutivos de causa de acción; al declarar con lugar la demanda con la sola declaración del demandante sin haber sido corroborada tal declaración por el testimonio de personas no interesadas; y además porque la prueba es insuficiente para sostener la sentencia.

El fiscal de esta corte, a quien se pasó el caso para informe de acuerdo con las reglas de este tribunal, ha recomendado que la sentencia apelada sea revocada por estimar que la prueba es insuficiente para sostenerla.

La demanda fué radicada en la corte inferior el día 22 de enero de 1941 y después de alegarse en ella que las partes contrajeron matrimonio en el año 1933 y que del mismo se han procreado dos hijos que a dicha fecha contaban seis y cuatro años de edad respectivamente, se alega en el hecho cuarto lo siguiente:

"4. Que la demandante y el demandado vivieron en las mejores relaciones conyugales hasta fines del año 1939 en que tenían ambos cónyuges constituído su hogar en la ciudad de Río Piedras, la demandada sin motivo ninguno, sin ofensa por parte del demandante, contra la voluntad de éste y sin ninguna causa razonable, abandonó al demandante en el hogar que ambos tenían constituído, y desde entonces se ha negado a vivir con el demandante y yéndose a vivir a la ciudad de Nueva York y habiendo cesado por completo desde entonces todas las relaciones maritales entre ambos cónyuges, sin esperanzas de una reconciliación."

Emplazada la demandada mediante la publicación de los edictos correspondientes y no habiendo comparecido se anotó su rebeldía. Señalado el caso para ser visto en el calendario

especial, la única prueba presentada para sostener las alegaciones de la demanda en cuanto al supuesto abandono de la demandada, fué el testimonio del propio demandante quien en síntesis declaró que él contrajo matrimonio con la demandada en el año 1933, en Cayey, y que de dicho matrimonio existen dos hijos, de siete y cinco años de edad; que después de casarse residieron en Río Piedras, y que allí vivieron hasta el año 1940. Inmediatamente dijo que a fines del año 1939 la demandada sin motivo alguno aparente se fué de la casa y que como ella lo había hecho a cada rato él no lo tomó en serio y pensó que volvería; que él no consintió en que ella lo abandonase y que la requirió y trató de averiguar su paradero con amigos; que no volvieron a tener relaciones; que él ignora el paradero de ella; que le parece que ella se embarcó por noticias que tuvo a fines de 1939 en diciembre; que cuando ella se embarcó vivían en Río Piedras; que él no sabe la fecha exacta en que ella se embarcó pues ella tenía garatas y solía irse a casa de su familia, y que él trató de averiguar con amigos en Río Piedras y le dijeron que ella no había estado allá; que él trató de buscarla en el mismo Río Piedras pues ella tenía familia, pero no la encontró; que le escribió a un tío suyo que es detective en Nueva York para ver si podía localizarla pues un amigo le había dicho que ella se había embarcado; que los hijos están con él.

Con estos antecedentes pasemos a considerar los errores señalados.

■ En cuanto a que la demanda no aduce hechos suficientes constitutivos de la causa de acción de divorcio por abandono, sostiene la apelante que debió expresarse en la alegación cuarta de la demanda la fecha exacta en que la demandada abandonó al demandante para así poder determinarse si había transcurrido el año que requiere el inciso 5 del artículo 96 del Código Civil. No tiene razón la apelante, pues alegándose que la demandada abandonó al demandante para fines del año 1939 y que desde entonces se ha negado a vivir con él, y habiéndose radicado la demanda el 22 de

enero de 1941, la misma aduce hechos suficientes aunque no exprese la fecha en que el abandono tuvo lugar, según resolvimos en el caso de *Meléndez* v. *Pérez Díaz,* 38 D.P.R. 811, siendo materia de prueba en el juicio los hechos que demuestren el abandono por más de un año.

En cuanto al segundo señalamiento, la demandada apelante admite que de acuerdo con nuestra Ley de Evidencia la declaración de un testigo que merezca entero crédito a la corte es suficiente para probar un hecho, pero arguye que debe establecerse una excepción en los casos de divorcio en rebeldía especialmente cuando existen terceras personas afectadas por la sentencia, como son los hijos, y que en dichos casos debe exigirse la corroboración del testimonio de la parte que solicita el divorcio.

Las autoridades que cita la apelante para sostener que debe exigirse testimonio adicional que corrobore la declaración de la parte demandante en una acción de divorcio se refieren a y aplican la regla prevaleciente en aquellos estados que se rigen por el derecho común o a aquellos en que por estatuto expresamente se exige dicha corroboración cuando existe una confesión o admisión de la parte. Esta regla no es otra cosa que una adaptación del Canon 105 de las Cortes Eclesiásticas de Inglaterra que, en lo pertinente, dispone que: "en todos los procedimientos sobre divorcio y nulidad del matrimonio debe usarse buena circunspección y consejo, y que la verdad pueda (hasta donde sea posible) ser cernida por las deposiciones de testigos y otras pruebas legales, y que no se le dé crédito a la sola *confesión* de las partes mismas, no importa que lo hagan bajo juramento en corte o fuera de ella." *Harrison* v. *Harrison* (1842) 13 Eng. Reprint 238. Y aún en dichos estados, y en la propia Inglaterra, la regla no ha sido estrictamente aplicada en casos en que se demostró que no había existido contubernio o confabulación entre las partes. (Véase la monografía en 40 A.L.R. 630.)

En Puerto Rico no existe disposición estatutaria alguna que prohiba a las cortes dictar sentencia de divorcio con la

sola declaración de la parte o de un testigo que le merezca entero crédito, siempre que dicha evidencia sea de carácter directa, artículo 380 del Código de Enjuiciamiento Civil (artículo 18 Ley de Evidencia). El artículo 371 del mismo Código (artículo 9 de la Ley) define dicha evidencia en esta forma:

"Evidencia directa es aquella que prueba el hecho controvertido, sin inferencia ni presunción, y que en sí de ser cierta, demuestra el hecho por modo concluyente..."

¿Puede considerarse la declaración prestada por el demandante en el caso de autos, como evidencia directa del hecho en controversia o sea el alegado abandono por su esposa? Consideramos que no. La ley exige que el hecho controvertido, no sólo quede probado sino que debe serlo, sin inferencia ni presunción y por modo concluyente. El testimonio del demandante pudo haber sido suficiente para dejar demostrado dicho hecho básico de la demanda pero él se limitó a declarar, en forma harto dudosa, que vivió con su esposa hasta el año 1940 sin especificar fecha exacta y luego dijo que ella se fué del hogar a fines del año 1939 pero que no le dió importancia porque ella se había ido otras veces. En cuanto al hecho de que ella se hubiera ido para Nueva York, su declaración fué de referencia pues primero dijo, categóricamente, que ignoraba dónde estaba y luego que unos amigos le habían informado que se había embarcado. No hay base en la prueba para poder determinar con exactitud si, al radicarse la demanda el 22 de enero de 1941, había transcurrido más de un año del alegado abandono por la demandada. A lo sumo se probó una separación de los cónyuges.

Repetidamente esta corte ha resuelto que a los efectos del abandono como causal de divorcio, el término de un año empieza a correr no en el momento en que se inicia la separación sino desde el momento de la nolición del cónyuge o sea aquél en que el cónyuge demandado expresa su firme y

decidido propósito de abandonar a su compañero. *Jirot* v. *Crispín*, 23 D.P.R. 822; *Parés* v. *Echandi*, 55 D.P.R. 163; *Martínez* v. *Avilés*, 57 D.P.R. 192. El hecho de que el caso de autos fué resuelto en rebeldía de la demandada no hace menos aplicable esta regla. Debido al interés que tiene el Estado en todos los casos de divorcio, especialmente cuando existen hijos del matrimonio, las cortes de distrito deben exigir que en los juicios celebrados en rebeldía, la parte. demandante pruebe debidamente todos los hechos necesarios para demostrar la causal alegada en la demanda, en la misma forma en que lo exigen cuando el pleito es uno de carácter contencioso. 17 Am. Jur. 361, sec. 432.

No porque la declaración del demandante estuviera huérfana de corroboración, sino porque ella no probó de modo satisfactorio el hecho en controversia, la prueba en este caso es insuficiente para sostener la sentencia recurrida.

El tercer error fué cometido y *procede, por tanto, declarar, como se declara, con lugar el recurso y en su consecuencia se revoca la sentencia apelada, debiendo dictarse otra declarando sin lugar la demanda, con costas.*